UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRANCE KNOX                                        CIVIL ACTION

versus                                               NO. 14-2750

WARDEN N. BURL CAIN                                  SECTION: "F" (3)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

Petitioner, Terrance Knox, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. In 1996, he was convicted of second degree murder under Louisiana law and sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. The Louisiana Fourth Circuit Court of Appeal then affirmed his conviction

---

[1] Because it is apparent from the face of the petition that this Court lacks jurisdiction, the undersigned has not required the state to file a response to the application. See Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

and sentence,[2] the Louisiana Supreme Court denied his related writ application,[3] and the United States Supreme Court denied his petition for a writ of certiorari.[4]

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed a federal *habeas corpus* application in 2004. That application was dismissed as untimely.[5] The United States Fifth Circuit Court of Appeals then dismissed his related appeal for want of prosecution.[6]

In December of 2011, petitioner obtained a copy of the District Attorney's file concerning his criminal prosecution. Based on documents he discovered therein, he filed another state application for post-conviction relief. The state district court denied that application,[7] and his related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal[8] and the Louisiana Supreme Court.[9]

---

[2] State v. Knox, No. 96-KA-1164 (La. App. 4th Cir. Sept. 30, 1998).

[3] State v. Knox, 741 So.2d 9 (La. 1999).

[4] Knox v. Louisiana, 528 U.S. 911 (1999).

[5] Knox v. Cain, Civ. Action No. 04-853 (E.D. La. Apr. 5, 2005).

[6] Knox v. Cain, No. 05-30512 (5th Cir. June 14, 2005).

[7] Rec. Doc. 6-3, p. 14.

[8] State v. Knox, No. 2014-K-0149 (La. App. 4th Cir. Feb. 20, 2014); Rec. Doc. 6-3, p. 45.

[9] State *ex rel.* Knox v. State, 152 So.3d 876 (La. 2014) (No. 2014-KH-0555); Rec. Doc. 6-3, p. 74.

Because he had already filed a prior federal application, petitioner then filed with the United States Fifth Circuit Court of Appeals a motion for authorization to file a "second or successive" federal *habeas corpus* petition.[10] However, the Court of Appeals denied authorization.[11]

Despite that denial of authorization, petitioner nevertheless subsequently filed the instant § 2254 application in this Court.[12] In this petition, he argues that he is actually innocent and asserts the following claims in support of that contention:

---

[10]  Federal law provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> *(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244 (emphasis added).

[11]  *In re* Terrance Knox, No. 14-31352 (5th Cir. Jan. 21, 2015); Rec. Doc. 7, pp. 25-26.

[12]  Rec. Doc. 6.

1. The prosecution suppressed evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny;

2. The prosecution knowingly presented false evidence at trial; and

3. Petitioner received ineffective assistance of counsel.

However, as noted, the United States Fifth Circuit Court of Appeals has expressly denied petitioner authorization to file this "second or successive" federal application. Accordingly, this Court lacks jurisdiction to consider petitioner's claims, and his petition must therefore be dismissed. <u>See, e.g.</u>, <u>Burton v. Stewart</u>, 549 U.S. 147 (2007); <u>Adams v. Thaler</u>, 679 F.3d 312, 321-23 (5th Cir. 2012); <u>Wetzel v. LeBlanc</u>, Civ. Action No. 13-5913, 2013 WL 5739082 (E.D. La. Oct. 22, 2013).

The Court additionally notes that petitioner has also filed into this federal record a "Motion to Set Aside Judgment Due to Newly Discovered Evidence Pursuant to F.R.C.P., Rule 60(b)(2), 28 U.S.C.A."[13] However, that motion is obviously improperly filed in this case, because no judgment has yet been issued in this matter. For that reason alone, the motion should be denied. Nevertheless, out of abundance of caution, the Court additionally makes the following observations with respect to the motion.

First, in the motion, it appears that petitioner is in fact requesting reconsideration of the United States Fifth Circuit Court of Appeals' decision in Case No. 14-31352 denying him authorization to file a "second or successive" *habeas corpus* petition. In that decision, the Court of Appeals observed: "Other than a general assertion that the prosecution has suppressed evidence,

---

[13] Rec. Doc. 7.

Knox has not provided any explanation for why these newly received documents could not have been obtained earlier through the exercise of due diligence."[14] In his instant motion, petitioner attempts to counter that criticism with a showing of "due diligence." However, even if his evidence submitted in support of his motion were sufficient to establish "due diligence," which is an issue the undersigned need not and does not reach, *this* Court does not have the authority to reconsider or in any way review the Court of Appeals' decision. Any relief from the Court of Appeals' judgment in Case No. 14-31352 must be sought *from the Court of Appeals*.

Second, the only decision this Court would have the authority to reconsider is its own 2005 judgment in Civil Action No. 04-853 which dismissed petitioner's first federal *habeas corpus* petition. However, the instant motion was not filed in that prior case.[15] Further, although the Court could nevertheless direct the Clerk to file a copy of petitioner's Rule 60(b) motion into the record of Civil Action No. 04-853 for consideration in that case, that would be a futile act. *Even if* the motion were filed and considered in Civil Action No. 04-853, relief still would not be warranted because it simply is not a proper Rule 60(b) motion for the following reasons.

>Rule 60(b) provides:
>
>On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>
>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[14] *In re* Terrance Knox, No. 14-31352, at p. 2 (5th Cir. Jan. 21, 2015); Rec. Doc. 7, p. 26.

[15] Rather, petitioner specifically captioned the motion with the case number of this current proceeding.

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied in a proceeding under these rules." One such statutory provision is obviously § 2244's prohibition against the filing of a "second or successive" § 2254 application without preauthorization from the Circuit Court of Appeals. Therefore, the United States Supreme Court has held that, in order not to run afoul of § 2244, Rule 60(b) has only limited applicability in § 2254 proceedings. Specifically, while a petitioner is allowed to use Rule 60(b) to challenge "some defect in the integrity of the federal habeas proceedings," he is *not* allowed to use Rule 60(b) to "assert, or reassert, claims of error in the movant's state conviction." Gonzalez v. Crosby, 545 U.S. 524, 532 and 538 (2005). The Supreme Court explained:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed

>  unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

Gonzalez, 545 U.S. at 531-32 (citation omitted).

In petitioner's ostensible Rule 60(b) motion, he does not allege any defect in the integrity of his prior federal *habeas corpus* proceedings; rather, he instead expressly seeks to reassert his ineffective assistance of counsel claim from his first petition, as well as to assert a new Brady claim. Therefore, his "Motion to Set Aside Judgment Due to Newly Discovered Evidence Pursuant to F.R.C.P., Rule 60(b)(2), 28 U.S.C.A.," Rec. Doc. 7, is in fact a nothing more than a disguised attempt to file a "second or successive" *habeas* petition without the required preauthorization from the Court of Appeals. As explained in Gonzalez, that is not allowed.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the "second or successive" petition for federal *habeas corpus* relief filed by Terrance Knox be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that petitioner's "Motion to Set Aside Judgment Due to Newly Discovered Evidence Pursuant to F.R.C.P., Rule 60(b)(2), 28 U.S.C.A.," Rec. Doc. 7, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twentieth day of February, 2015.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.